IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SCRANTON-AVERELL, INC.<br>20006 Detroit Road, Suite 200<br>Rocky River, Ohio 44116<br><br>                    Plaintiff,<br><br>        v.<br><br>PRINCETON TECHNOLOGY<br>MANAGEMENT, LLC<br>c/o Tianyi Yu, Registered Agent<br>165 Arreton Road<br>Princeton, New Jersey 08540<br><br>        and<br><br>TIANYI YU, aka LEO YU<br>165 Arreton Road<br>Princeton, New Jersey 08540<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br><br><br><br>JUDGE<br><br><br>COMPLAINT |

For its complaint against defendants, Plaintiff Scranton-Averell, Inc. states as follows:

The Parties

1.     Plaintiff Scranton-Averell, Inc. ("Scranton-Averell" hereafter) is an Ohio for profit corporation with its principal place of business in the City of Rocky River, Cuyahoga County, Ohio.

2.     Upon information and belief, Defendant Princeton Technology Management, LLC ("Princeton Technology" hereafter) is a New Jersey limited liability company with its principal place of business in the City of Princeton, Mercer County, New Jersey.

1

3.      Defendant Tianyi Yu is an individual also known as Leo Yu, and upon information and belief is a resident of the City of Princeton, Mercer County, New Jersey.

### Jurisdiction and Venue

4.      Jurisdiction of the United States District Courts is appropriate as there is diversity of citizenship between Plaintiff and Defendants in this matter and the amount in dispute in this action, exclusive of interest and costs, exceeds the sum of $75,000.00.

5.      Venue in the Eastern Division of the Northern District of Ohio is appropriate as the relevant conduct of both Defendants occurred within Cuyahoga County, Ohio including their leasing, guaranteeing, possession, occupancy of and the undertaking of their business from the real property located there for more than three years.

### General Allegations

6.      Scranton-Averell is the sole owner of commercial real property located at 25850 First Street, in the City of Westlake, Cuyahoga County, Ohio ("the Premises" hereafter).

7.      Scranton-Averell leased the Premises to Princeton Technology pursuant to a written lease ("the Lease" hereafter), effective January 1, 2022.  A copy of the Lease is attached and incorporated herein as "Exhibit A."

8.      As part of the consideration for leasing the Premises to Princeton Technology, Tianyi Yu guaranteed the performance of Princeton Technology's obligations under the Lease.  A copy of the written guarantee is found on pages 19-20 of Exhibit A.

9.      The term of the Lease was for five years, with possible renewal, providing Princeton Technology possession of the Premises until at least December 31, 2027.

10.     Executed by all parties on November 11, 2021, the Lease and the Guarantee reflects the mutual agreement and understanding of the Defendants and Plaintiff and was the result of their joint efforts.

11.     Upon entering into the Lease, Princeton Technology paid $12,300.00 to Scranton-Averell as a security deposit.

12.     Princeton Technology entered into possession of the Premises as of January 1, 2022 and used the Premises for its commercial purposes.

13.     After taking possession of the Premises, Princeton Technology failed to maintain the Premises as required under Section 12 of the Lease, specifically failing to repair a burst water pipe and resulting water damage in 2025.

14.     Additionally, Princeton Technology failed to provide Scranton-Averell subsequent proof of insurance in 2025, as required under Section 11 of the Lease.

15.     On February 19, 2025, Scranton-Averell served a Notice of Default required under the Lease upon Princeton Technology identifying its failure to keep the premises in repair and to provide proof of insurance.  A copy of this Notice of Default is attached and incorporated herein as "Exhibit B."

16.     After the period set forth in the Lease for Princeton Technology to cure its defaults, Scranton-Averell sued to recover possession of the Premise in the Rocky River Municipal Court (Case No. 25 CVG 0589), and was granted judgment in its favor on April 14, 2025, resulting in Scranton-Averell recovering possession of the Premises later that month.  This case did not address any economic damages and was an action for possession of the Premises only.

17.     Upon acquiring possession of the Premises, Scranton-Averell promptly secured, repaired, and marketed the Premises for a subsequent tenant.

18.　　Scranton-Averell acquired a new tenant for the Premises with this new tenancy beginning March 1, 2026.

19.　　Princeton Technology owes Scranton-Averell $179,716.17, due to lost rent, repairs, utility fees, taxes, penalties, interest payments, and costs called for under the Lease up to the beginning of the new tenancy at the Premises on March 1, 2026.  This amount includes the Scranton-Averell's application of the $12,300.00 security deposit.

20.　　On April 3, 2026 Scranton-Averell made demand on Princeton Technology for payment of the amount due under the Lease.  A copy of this demand letter to Princeton Technology is attached and incorporated herein as "Exhibit C."

21.　　On April 3, 2026 Scranton-Averell also made demand on Tianyi Yu for payment of the amount due pursuant to the Guarantee.  A copy of this demand letter to Tianyi Yu is attached and incorporated herein as "Exhibit D."

22.　　As a direct and proximate result of the actions of Princeton Technology and Tianyi Yu, Scranton-Averell has been unlawfully and unjustly damaged in the amount of $179,716.17.

<u>Count 1: Breach of Contract by Princeton Technology</u>

23.　　Plaintiff repeats and realleges the allegations in paragraphs 1 through 22, inclusive, as though fully set forth at length.

24.　　Scranton-Averell and Princeton Technology formed a contract between them regarding a leasehold interest in the Premises by their mutual agreement and their creation and execution of the written Lease.

25.　　Scranton-Averell has fulfilled all its contractual obligations under the Lease.

26. Princeton Technology has breached its obligations under the Lease by its failure to make repairs, provide proof of insurance and by failing to make the agreed upon payments under the Lease through the entirety of the term which would not have ended until December 31, 2027.

27. Scranton-Averell has mitigated the damages it would otherwise have suffered from Princeton Technology's breach by promptly repairing and marketing the Premises and by applying the security deposit paid by it.

28. Scranton-Averell has been unjustly and unlawfully harmed in the amount of $179,716.17 which is the amount that would place Plaintiff in the same position it would have been if Princeton Technology had not breached the Lease.

Count 2: Breach of Contract of Guarantee by Tianyi Yu

29. Plaintiff repeats and realleges the allegations in paragraphs 1 through 28, inclusive, as though fully set forth at length.

30. Tianyi Yu created the Guarantee when he agreed in writing to be liable to Scranton-Averell for the debts and obligations of Princeton Technology that arose under the Lease.

31. The Guarantee is a contract between Tianyi Yu and Scranton-Averell formed by their mutual agreement that the Guarantee would be part of the consideration for the Lease to Princeton Technology.

32. Though Tianyi Yu waived notice of Princeton Technology's default, Scranton-Averell has provided notice to him by joining him as a party in the previous action for possession of the Premises and by means of the April 3, 2026 demand letter.

33. Tianyi Yu has breached the Guarantee by failing to pay the debts and fulfilling the obligations of Princeton Technology that arose under the Lease including the failure to reimburse Scranton-Averell for repairs and to reimburse it for the agreed upon payments under the Lease.

34.     Scranton-Averell has been unjustly and unlawfully harmed in the amount of $179,716.17 which is the amount that would place Plaintiff in the same position it would have been if Tianyi Yu had not breached the Guarantee.

Count 3: Contingent Claim Pursuant to Civil Rule 18(b) for

Fraudulent Transfers by Tianyi Yu

35.     Plaintiff repeats and realleges the allegations in paragraphs 1 through 34, inclusive, as though fully set forth at length.

36.     Upon information and belief, Tianyi Yu conveyed his interest in real property located in Mercer County, New Jersey out of his name and into the sole name of his wife for the consideration of one dollar ($1.00) on May 17, 2025, one month after judgment was granted against Princeton Technology in the Rocky River Municipal Court case for possession of the Premises.

37.     Upon information and belief, the consideration of one dollar ($1.00) for Tianyi Yu's interest in the Mercer County, New Jersey real property was not reasonably equivalent value for this exchange.

38.     Upon information and belief, Tianyi Yu's remaining assets after the conveyance of the Mercer County, New Jersey real property were unreasonably small in relation to the business he was engaged in as guarantor of Princeton Technology under the Lease.

39.     Tianyi Yu's wife is an insider as defined under the Ohio Fraudulent Transfer Act.

40.     Upon information and belief, Tianyi Yu has retained possession and control of the Mercer County, New Jersey real property after the conveyance.

41.     Tianyi Yu, as guarantor, had been named a party in the lawsuit to recover possession of the Premises just a month prior to his transfer of his interest in the Mercer County, New Jersey real property.

42.     Tianyi Yu's transfer occurred shortly before he would incur a substantial debt as the guarantor of Princeton Technology.

43.     Scranton-Averell has been unjustly and unlawfully harmed in the amount of $179,716.17 as a result of the fraudulent transfer of assets by Tianyi Yu.

Attorney Fees; Waiver of Jury Trial

44.     Plaintiff repeats and realleges the allegations in paragraphs 1 through 43, inclusive, as though fully set forth at length.

45.     Section 23.2 of the Lease provides for the recovery of all costs and reasonable attorney fees incurred by the prevailing party in the event of litigation between them.

46.     The Guarantee indicates that Tianyi Yu agreed to pay the obligations of Princeton Technology, including all attorney's fees and expenses of collection incurred.

47.     Section 16.11 of the Lease provides that the parties waive trial by jury regarding actions relating to the Lease, the Premises, or relevant dealings between the parties.

Prayer for Relief

WHEREFORE, Plaintiff prays that the Court enter judgment in its favor and against Defendants, joint and several, granting the Plaintiff the following relief:

a.     Damages in the amount of $179,716.17.

b.     Orders setting aside, disregarding, and avoiding those conveyances and transfers of Tianyi Yu determined to be fraudulent transfers;

c.     Reasonable attorney fees as provided for under the Lease;

7

d.       Interest at the maximum rate permitted by law from the petition date until the date the Defendants pay in full the judgment for damages and attorney fees;

e.       All costs incurred in prosecuting this adversary proceeding, including, but not limited to all costs, fees, expenses and charges incurred in the commencement and prosecution of this adversary proceeding; and

f.       Such other relief as may be just, proper, and provided by law.

Respectfully submitted,

/s/ Andrew M. Fowerbaugh
Andrew M. Fowerbaugh (0070064)
Stickney & Stickney, LLP
20006 Detroit Road, Suite 200
Rocky River, Ohio 44116
Phone (216) 241-0140
Fax (216) 930-4355
Email amf@stickneystickney.com

*Attorney for Scranton-Averell, Inc.*